UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONALD TRUMP, *et al.*,<br><br>　　　　Defendants. | Case No.  2:23-cv-02626-TLN-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff filed a complaint purporting to assert claims against "All Iu mien from all churches, outside culture, and neighborhood/The President of Us, Donald Trump," together with an application to proceed *in forma pauperis*. His complaint, however, fails to state a claim, and I will recommend that it be dismissed as frivolous. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

　　　　A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
2   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
3   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
4   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
5   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
7   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8   n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint is unintelligible and fails to assert any cause of action.[1] *See generally* ECF
No. 1. For example, plaintiff writes "Medal of Honor versus Purple Heart The President Show
Down 900 Septillion Number 999 USD Quora's Number President Show Down and USD Infinite
President Show down Maximum Number to Infinite USD President Fight above and beyond and
infinite debt . . . ." *Id.* at 1. A large portion of the complaint consists of nonsensical sentences
and phrases.

The complaint fails to comport with Rule 8's requirement that it present a short and plain
statement of plaintiff's claims. Fed. R. Civ. P. 8(a). Indeed, the court is unsure of who plaintiff
names as a defendant, and, in any event, the complaint asserts no discernable facts relating to any
defendant. Plaintiff's allegations do not identify any actions taken by any defendant that could

---

[1] On November 13 and 20, 2023, plaintiff filed a notice and declaration. ECF Nos. 3 & 4. The court has reviewed both filings and finds that neither cure the complaint's deficiencies.

1    support a claim for relief.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)

2    ("The plaintiff must allege with at least some degree of particularity overt acts which defendants

3    engaged in that support the plaintiff's claim.").

4          The operative complaint should be dismissed for failure to state a claim.  Given the

5    complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure the

6    complaint's deficiencies, and so I recommend that dismissal be without leave to amend.[2]  *See*

7    *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro

8    se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

9    the complaint could not be cured by amendment.") (internal quotation marks and citations

10   omitted).

11         Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

12   *pauperis*, ECF No. 2, is granted.

13         Furthermore, it is hereby RECOMMENDED that:

14         1.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

15         2.  The Clerk of Court be directed to close this matter.

16         These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21   objections shall be served and filed within fourteen days after service of the objections.  The

22   parties are advised that failure to file objections within the specified time may waive the right to

---

[2] Plaintiff has filed other complaints resembling in some ways the instant complaint, and none have survived screening.  *See Chiu v. Trump*, 2:22-cv-00764-KJM-AC (PS) (E.D. Cal May 11, 2022) (plaintiff's complaint dismissed without leave to amend and with prejudice); *Chiu v. President of the United States*, 2:22-cv-00809-TLN-DB (PS) (E.D. Cal Oct. 24, 2022) (plaintiff's complaint dismissed without leave to amend); *Chiu v. Extra Storage Space*, 2:23-cv-00099-KJM-AC (PS) (E.D. Cal Jan. 23, 2023) (plaintiff's complaint dismissed without leave to amend); *Chiu v. President of U.S.*, 2:23-cv-00098-KJM-JDP (PS) (E.D. Cal July 11, 2023) (plaintiff's complaint dismissed without leave to amend).

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated: December 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE